■ HYMAN GOLDBERG v. HOTEL ASSOCIATION OF NEW YORK CITY, INC., et al.— Motion to dismiss appeal granted as to respondents Hotel Dixie, Cantor, Baker and Cafasso, with $10 costs. The order is not appealable as of right. (*Weicker* v. *Weicker,* 26 A D 2d 39; CPLR 5701, subd. [b].) Concur — McGivern, J. P., Markewich, Steuer and Bastow, JJ.

## (May 14, 1970)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. DOMINICK CAPPOLLA, Appellant.— Order entered May 22, 1968, insofar as it denied without a hearing petitioner's application for a writ of error *coram nobis* seeking a resentence, unanimously reversed on the law and the facts, and the application is granted, and a resentence is directed. Order entered April 14, 1969, unanimously affirmed. We feel that in view of the unusually grave matters raised herein, principally the intimation that a plot was afoot to bribe the sentencing Judge, and the contention that the sentencing Judge himself was influenced by the People's ex parte revelation of the alleged plot to him, without the knowledge of the defendant's attorney, the matter should be set down for resentencing. Essentially, the alleged plot involved a conspiracy, to which the defendant was allegedly a party, to corrupt the court itself. For a Judge, confronted with such an egregious allegation, to sentence fairly and even-handedly the defendant involved, would require superhuman objectivity. It is better not only that the right thing be done, but that it be manifestly done in the right way. Accordingly, the petition is granted to the extent only that the matter be remanded to Supreme Court, New York County, Part XXX, for resentencing and otherwise affirmed. Concur — Stevens, P. J., Eager, McGivern, McNally and Tilzer, JJ.

■ TRAVELERS INSURANCE COMPANY, Respondent, v. LAW RESEARCH SERVICE, INC., Appellant.— Order entered January 16, 1970 which denied defendant's motion for a renewal of a motion by plaintiff for summary judgment unanimously affirmed, without costs and without disbursements. Costs and disbursements have been denied because the record suggests no reason why this action was not brought in the Civil Court (see *Chemical Bank New York Trust Co.* v. *Batter,* 31 A D 2d 802; *Midtown Commercial Corp.* v. *Kelner,* 29 A D 2d 349, 351). Concur — Capozzoli, J. P., McGivern, Markewich, Nunez and Steuer, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EDWARD FERNANDEZ, Appellant.— Judgment rendered October 26, 1967, convicting defendant, upon a plea of guilty, of the crime of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 10 to 15 years in State Prison, unanimously affirmed on the law and the facts. Determination of the appeal was withheld and the questions of whether section 335-c of the Code of Criminal Procedure had been complied with and defendant's comprehension of the admonition given him by the court at the time of the entry of the guilty plea were remanded for a hearing. (32 A D 2d 628.) After such a hearing, the trial court found, by order dated March 9, 1970, that defendant properly comprehended the admonition. Our review of the testimony at the hearing confirms that conclusion. After consideration of all the issues raised on the original appeal, the judgment appealed from is affirmed. Concur — Capozzoli, J. P., Markewich, Nunez, McNally and Tilzer, JJ.